```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF OREGON


ALLSTATE INSURANCE COMPANY,

                                        Civil No. 07-125-CL
                 Plaintiff,             REPORT AND RECOMMENDATION
      v.

GREG STATEN,
et al.,

                 Defendants.
```

CLARKE, Magistrate Judge:

Plaintiff brings this declaratory judgment action pursuant to 28 U.S.C. §§ 1332 and 2201 against defendants. (Complaint ¶ 1). Plaintiff seeks a declaration that it has no duty to defend defendant Staten in a civil lawsuit for wrongful use of civil proceedings brought pursuant to ORS 31.230 and no duty to indemnify defendant Staten for any liability that may be found in the lawsuit. (Id. at ¶ 18). Plaintiff also seeks costs and other

equitable relief.  (Prayer for Relief ¶ 2).  Plaintiff moves for summary judgment (#32).

## I. FACTS

Plaintiff submits the following statement of facts:

1. Allstate issued Greg Staten (hereinafter "Staten") a Homeowner's Insurance Contract No. 917644648, providing certain coverages subject to the terms, definitions, exclusions, limitations, and conditions contained therein.  A certified copy of the Homeowner's Insurance contract is attached as Exhibit "A" to the Affidavit of Douglas F. Foley (hereinafter "Foley Affidavit").

2. Defendants Dorothy Sims (hereinafter "Sims"), Herbert Gelwick (hereinafter "Gelwick"), Jerry Franklin (hereinafter "Jer. Franklin"), Jeanette Franklin (hereinafter "Jea. Franklin), Tiffany Gendron (hereinafter "Gendron"), Carl Pierce (hereinafter "C. Pierce"), Jan Pierce (hereinafter "J. Pierce") Garry Rose (hereinafter "Rose"), Olivia Wytcherley (hereinafter "Wytcherley") and Carol Ahlf (hereinafter "Ahlf"), filed suit against Staten in the Circuit Court of the State of Oregon, for the County of Douglas, Cause No. 06 CV 3339 CC.  A copy of the Complaint is attached as Exhibit "B" to the Foley Affidavit.

3. Sims, Gelwick, Jer. Franklin, Jea. Franklin, Gendron, C. Pierce, J. Pierce, Rose, Wytcherley and Ahlf each filed claims against Staten for "Wrongful Use of Civil Proceedings" alleging that Staten "commenced and prosecuted *Staten v. Steel et al.* without probable

REPORT AND RECOMMENDATION - 2

cause" and "with malice and/or for an improper purpose." (Exhibit "B" to Foley Affidavit ¶51-109).

4. The Amended Complaint alleges that on or about March 4, 2005, Staten, his wife, and seven friends went to Club 71 "to drink alcohol and watch women dance nude." (Exhibit "B" to Foley Affidavit ¶19).

5. The Amended Complaint also alleges that as Staten and his wife and friends left the club, Mr. Staten "backed-up the truck at a high rate of speed" and almost struck another patron. While backing up his truck, "several demonstrators took photographs of Staten's truck." (Exhibit "B" to Foley Affidavit ¶20-21).

6. Staten allegedly "leaped out of his truck, and assaulted one of the demonstrators that had taken his picture moments before by grabbing the camera and smashing it to the ground." (Exhibit "B" to Foley Affidavit ¶23).

7. The Amended Complaint further alleges that as Staten went back to his truck and as he went to drive away, "the demonstrator that Staten assaulted took a second picture" and Staten then "leaped out of his truck and attempted to assault the demonstrator a second time" but was prevented from doing so by another demonstrator. (Exhibit "B" to Foley Affidavit ¶23).

8. The demonstrator that Staten allegedly assaulted posted the photograph of Staten on a website. (Exhibit "B" to Foley Affidavit ¶24).

REPORT AND RECOMMENDATION - 3

9. It is further alleged in the Amended Complaint that during June/July, 2005 Staten filed a lawsuit against the demonstrators, entitled *Staten v. Steel, et al.,* Case No. 16-05-15033 in Lane County, Oregon. (Exhibit "B" to Foley Affidavit ¶27, 29).

10. The Amended Complaint also alleges that on March 4, 2005, Defendants Gelwick, Jer. Franklin, Jea. Franklin, Gendron, C. Pierce, J. Pierce, Rose, and Wytcherley were not present at Club 71, but that Defendants Sims and Ahlf "were present and peacefully demonstrating at Club 71 on the evening of March 4, 2005 but did not take Staten's photographs." (Exhibit "B" to Foley Affidavit ¶34-35).

11. It is further alleged that the case proceeded to trial and on June 22, 2006, midway through the trial, Staten moved to dismiss eleven of the twelve defendants for lack of evidence to support his claims against them. The trial proceeded against the remaining defendant and "terminated in favor of Plaintiffs on June 22, 2006." (Exhibit "B" to Foley Affidavit ¶36-37).

12. The Amended Complaint also alleges that Staten commenced and prosecuted *Staten v. Steel, et al.* "for unlawful and improper purposes" which are to retaliate, to intimidate, to discourage, to harass and to cause emotional distress." (Exhibit "B" to Foley Affidavit ¶41).

Defendant Staten submits the following additional facts:

13. Defendant Staten timely tendered the defense of the Douglas County, Oregon Circuit Court to Plaintiff.

14. Plaintiff accepted the defense of said case, employed an attorney to defend Defendant Staten.

15. Plaintiff's attorney has filed an answer and had sole and exclusive discretion in preparing the defense of said case.

16. The Trial of the Douglas County, Oregon Case is scheduled for November 27, 2007.

17. The deadline for filing a Motion for Summary Judgment is September 27, 2007.

18. The determination of who to name as party defendants in the Lane County Circuit Court case was made by Defendant Staten's attorney and Defendant Staten relied on his advice.

Defendant Ingram submits the following additional facts:

On November 5, 2007, oral argument took place on the Motion for Summary Judgment of Defendant Greg Staten in the underlying state court action which is the subject of this declaratory judgment proceeding. After hearing argument on the motion, Judge Garrison granted Defendant Staten's motion. Judge Garrison instructed counsel for Defendant Staten in the underlying action, Robert Ford, to prepare and submit an appropriate order. As of November 13, 2007, Mr. Ford has not submitted the order. (Kilcullen Affidavit).

REPORT AND RECOMMENDATION - 5

## II. **LEGAL STANDARDS**

A moving party is entitled to summary judgment as a matter of law "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact . . . ." Fed. R. Civ. P. 56©); Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 636 (9th Cir. 2002). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. Playboy Enters., Inc. v. Welles, 279 F.3d 796, 800 (9th Cir. 2002).

The moving party must carry the initial burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). The moving party meets this burden by identifying for the court portions of the record on file which demonstrate the absence of any genuine issue of material fact. Id.; Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995). All reasonable inferences are drawn in favor of the non-movant. Gibson v. County of Washoe, 290 F.3d 1175, 1180 (9th Cir. 2002), cert. denied, 537 U.S. 1106 (2003).

If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present

specific facts which show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); <u>Auvil v. CBS "60 Minutes"</u>, 67 F.3d 816, 819 (9th Cir. 1995); see <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 & n.4 (1986). If the moving party presents evidence which, taken by itself, would establish the right to a directed verdict at trial, the motion for summary judgment must be granted, in the absence of any significant probative evidence tending to support the opposing party's theory of the case. <u>THI-Hawaii, Inc. v. First Commerce Fin. Corp.</u>, 627 F.2d 991, 993-94 (9th Cir. 1980); <u>First Nat'l Bank v. Cities Serv. Co.</u>, 391 U.S. 253, 290 (1968). Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. <u>Devereaux</u>, 263 F.3d at 1076.

### III. <u>DISCUSSION</u>

Allstate contends that it is not obligated to provide coverage or a defense to defendant Staten as the complaint filed against defendant Staten does not allege an "occurrence", but, instead, alleges "intentional acts". Defendant Staten contends that he has an absolute defense to the underlying action and Allstate should be estopped from withdrawing its acceptance of his defense. Defendant Ingram contends that because defendant Staten's motion for summary

REPORT AND RECOMMENDATION - 7

judgment in the underlying state court action was granted, this action is now moot. Allstate contends that the case is not moot as the parties in the underlying state court action may chose to appeal the ruling on the summary judgment, and that there may be other claims against defendant Staten that might arise out of the state court action, including claims for indemnification.

**Mootness**

The defendant has a heavy burden to demonstrate mootness. <u>Los Angeles County v. Davis</u>, 440 U.S. 625 (1979). An action is moot where the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome. <u>Northwest Environmental Defense Center v. Gordon</u>, 849 F.2d 1241, 1244 (9th Cir. 1988)(quotation and citations omitted). "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." <u>Id</u>. (citation omitted). As long as effective relief may still be available, the controversy remains live and present. <u>Id</u>. at 1245.

Defendants have failed to meet their burden of demonstrating this case is moot. The undisputed facts demonstrate that only an order granting defendant Staten's motion for summary judgment has been granted. The court does not have any facts which show that a final judgment was entered or the time for appealing that judgment has expired. Therefore, at this point there is still a live controversy.

REPORT AND RECOMMENDATION - 8

**Duty to Defend**

An insurer has a duty to defend if the allegations of the complaint in the underlying action, without amendment and with ambiguities construed in favor of the insured, could impose liability for conduct covered by the policy. W. Equities, Inc. v. St. Paul Fire & Marine Ins. Co., 184 Or. App. 368, 371 (2002); Ledford v. Gutoski, 319 Or. 397, 399-400 (1994). Even if the complaint alleges conduct that would not be covered, the insurer has a duty to defend if the complaint allegations could impose liability for conduct covered under the policy. Marleau v. Truck Ins. Exch., 333 Or. 82, 91 (2001); Ledford, 319 Or. at 400; Abrams v. Gen. Star Indem. Co., 335 Or. 392, 399-400 (2003); Drake v. Mut. of Enumclaw Ins., 167 Or. App. 475, 478, 488 (2000). When the allegations in the underlying complaint state a claim for excluded conduct only, the insurer has no duty to defend. See Abrams, 335 Or. at 399-400.

Whether an insurer has a duty to defend is a question of law, which is determined by comparing the terms of the insurance policy and the facts alleged in the complaint against the insured. Drake, 167 Or.App. at 478. The interpretation of an insurance policy is a question of law. Hoffman Construction Co. of Alaska v. Fred S. James & Co. of Oregon, 313 Or. 464, 469 (1992).

Sims, Gelwick, Jer. Franklin, Jea. Franklin, Gendron, C. Pierce, J. Pierce, Rose, Wytcherley and Ahlf each filed claims

REPORT AND RECOMMENDATION - 9

against Staten for "Wrongful Use of Civil Proceedings" alleging that Staten "commenced and prosecuted *Staten v. Steel et al.* without probable cause" and "with malice and/or for an improper purpose." (Exhibit "B" to Foley Affidavit ¶51-109). The amended complaint against defendant Staten alleges the following relevant facts:

On or about March 4, 2005, Staten, his wife, and seven friends went to Club 71 "to drink alcohol and watch women dance nude." (Exhibit "B" to Foley Affidavit ¶19). Staten and his wife and friends left the club, Mr. Staten "backed-up the truck at a high rate of speed" and almost struck another patron. While backing up his truck, "several demonstrators took photographs of Staten's truck." (Exhibit "B" to Foley Affidavit ¶20-21). Staten "leaped out of his truck, and assaulted one of the demonstrators that had taken his picture moments before by grabbing the camera and smashing it to the ground." (Exhibit "B" to Foley Affidavit ¶23). As Staten went back to his truck and as he went to drive away, "the demonstrator that Staten assaulted took a second picture" and Staten then "leaped out of his truck and attempted to assault the demonstrator a second time" but was prevented from doing so by another demonstrator. (Exhibit "B" to Foley Affidavit ¶23). The demonstrator that Staten assaulted posted the photograph of Staten on a website. (Exhibit "B" to Foley Affidavit ¶24). During June/July, 2005 Staten filed a lawsuit against the demonstrators,

REPORT AND RECOMMENDATION - 10

entitled *Staten v. Steel, et al.,* Case No. 16-05-15033 in Lane County, Oregon. (Exhibit "B" to Foley Affidavit ¶27, 29). On March 4, 2005, Defendants Gelwick, Jer. Franklin, Jea. Franklin, Gendron, C. Pierce, J. Pierce, Rose, and Wytcherley were not present at Club 71, but that Defendants Sims and Ahlf "were present and peacefully demonstrating at Club 71 on the evening of March 4, 2005 but did not take Staten's photographs." (Exhibit "B" to Foley Affidavit ¶34-35). The case proceeded to trial and on June 22, 2006, midway through the trial, Staten moved to dismiss eleven of the twelve defendants for lack of evidence to support his claims against them. The trial proceeded against the remaining defendant and "terminated in favor of Plaintiffs on June 22, 2006." (Exhibit "B" to Foley Affidavit ¶36-37). Staten commenced and prosecuted *Staten v. Steel, et al.* "for unlawful and improper purposes" which are to retaliate, to intimidate, to discourage, to harass and to cause emotional distress." (Exhibit "B" to Foley Affidavit ¶41).

The insurance policy at issue contains the following language:

Coverage X:

Family Liability Protection

Losses We Cover Under Coverage X:
Subject to the terms, conditions and limitations of this policy, Allstate will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence to which this policy applies, and is covered by this part of the policy.

REPORT AND RECOMMENDATION - 11

The terms "Occurrence" and "Property Damage" are defined as follows:

4.  Bodily injury - means physical harm to the body, including sickness or disease, ad resulting death . . .

9.  Occurrence - means an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily injury or property damage. . . .

10. Property Damage - means physical injury to or destruction of tangible property, including loss of its use resulting from such physical injury or destruction.

The policy excludes the following:

Losses We Do Not Cover Under Coverage X:

1.  We do not cover any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person. This exclusion applies even if:

    a)  such insured person lacks the mental capacity to govern his or her conduct;

    b)  such bodily injury or property damage is of a different kind or degree than that intended or reasonably expected; or

    c)  such bodily injury or property damage is sustained by a different person than that intended or reasonably expected.

The subjective intent of the insured to cause injury is a question of fact. Ledford, 319 Or. at 403. The court will "only infer that the insured had a subjective intent to cause harm or

REPORT AND RECOMMENDATION - 12

injury as a matter of law when such subjective intent is the only reasonable inference that may be drawn from the insured's conduct." Allstate Ins. Co. v. Stone, 319 Or. 275, 278-279 (1994). The court may infer subjective intent to harm or injure in cases where subjective intent to harm or injure is a necessary element to establish liability in the underlying action. Ledford, 319 Or. at 404-405.

> The Ledford court found that,
>
> Despite variations in the language of the policies, this court has interpreted various policy provisions excluding insurance coverage for intentionally-caused injuries similarly. *See, e.g., Allstate Ins. Co. v. Stone,* 319 Or. 275, 278, 876 P.2d 313 (1994)(policy excluding bodily injury or property damage caused intentionally by, or at the direction of, an insured person); *Snyder v. Nelson, Leatherby Ins.*, 278 Or. 409, 413, 564 P.2d 681 (1977)(policy covering injuries caused by accident); *Nielsen v. St. Paul Companies, supra*, 283 Or. at 279, 583 P.2d 545 (policy covering bodily injury or property damage neither expected nor intended from the standpoint of the Insured). *Cf. Isenhart v. General Casualty Co., supra,* 233 Or. at 53, 377 P.2d 26 (applying same analysis to policy without provision excluding coverage for intentionally-inflicted injuries because coverage of such injuries would be against public policy). Injuries resulting from intentional acts are excluded from insurance coverage when the insured intended to cause the particular injury or harm, as opposed to merely intending the act. . . . For an exclusion from insurance coverage for intentional conduct to apply, it is not sufficient that the insured's intentional, albeit unlawful, acts have resulted in unintended harm; the acts must have been committed for the purpose of inflicting the injury and harm before either a policy provision excluding intentional harm applies or the public policy against insurability attaches. . . .

Ledford, 319 Or. at 401-402 (citations and quotations omitted).

REPORT AND RECOMMENDATION - 13

The complaint at issue specifically alleges that defendant Staten commenced a lawsuit against plaintiffs for "unlawful and improper purposes" which are to "retaliate, to intimidate, to discourage, to harass and to cause emotional distress". Malicious prosecution is the type of action from which intent to injure must be inferred as a matter of law, because one of the elements of malicious prosecution is that the prosecution was instituted with malice.  Id. at 404-405.  If a defendant is found liable for malicious prosecution, the defendant by definition acted with the subjective intent to cause harm.  Id.  The subjective intent to harm is a necessary element of malicious prosecution.  Id.  Based on Ledford, this court finds that Allstate is entitled to summary judgment on the issue of duty to defend.

**Duty to Indemnify**

"The duty to indemnify is independent of the duty to defend. Even when an insurer does not have a duty to defend based on the allegations in the initial complaint, the facts proved at trial on which liability is established may give rise to a duty to indemnify if the insured's conduct is covered."  Id. at 403 (citation omitted).  In this case, the facts proved at trial cannot show that the conduct of Staten is covered by the policy, since the only claim is for malicious prosecution.  Therefore, Allstate is entitled to summary judgment on its duty to indemnify.

### IV. **RECOMMENDATION**

Based on the foregoing, it is recommended that plaintiff's motion for summary judgment (#32) be granted and a judgment declaring that Allstate does not have a duty to defend or indemnify be entered in favor of Allstate.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals*. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *Objections to this Report and Recommendation, if any, are due on December 11, 2007. If objections are filed, any responses to the objections are due 14 days after the objections are filed*. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this ____27_____ day of November, 2007.

_____/s/_____
UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION - 15